[Cite as *Funkhouser v. Funkhouser*, 2015-Ohio-73.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Mirna A. Funkhouser | Court of Appeals No. E-14-086 |
| Appellant | Trial Court No. 2009-DR-0084 |
| v. | |
| Mark J. Funkhouser | **DECISION AND JUDGMENT** |
| Appellee | Decided: January 9, 2015 |

* * * * *

Barry W. Vermeeren, for appellant.

K. Ronald Bailey, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a May 2, 2014 judgment of the Erie

County Court of Common Pleas, Domestic Relations Division, which issued a judgment

entry decree of divorce applicable to the parties in this case. For the reasons set forth

below, this court affirms the judgment of the trial court and modifies the child support

arrearages provision of the judgment entry decree of divorce to conform to the language of the original oral agreement of the parties.

{¶ 2} Appellant, Mirna Funkhouser, sets forth the following three assignments of error:

> I.  THE TRIAL COURT ERRED WHEN IT ACCEPTED THE DEFENDANT'S PURPORTED CONSENT JUDGMENT ENTRY, WHICH WAS NOT CONSENTED TO BY THE PLAINTIFF.
>
> II.  THE TRIAL COURT ERRED WHEN THE MAGISTRATE AND JUDGE SIGNED THE DEFENDANT'S PURPORTED CONSENT JUDGMENT ENTRY AND FILED IT WITHOUT EITHER A HEARING ON THE FACTS AND LAW OR CONSENT BY THE PLAINTIFF.
>
> III.  THE COURT ERRED IN ITS JUDGMENT THAT WAS 100% CONTRARY TO THE AGREEMENT READ INTO THE RECORD BY DEFENDANT'S COUNSEL ON JUNE 18, 2013.

{¶ 3} The following undisputed facts are relevant to this appeal.  On May 1, 2009, appellant filed a complaint for divorce against appellee in this matter.  The parties possessed considerable assets and financial holdings.  The ensuing proceedings between the parties became exceptionally adversarial.

{¶ 4} On February 15, 2011, pursuant to Civ.R. 37 and as a result of the ongoing failure of appellant to cooperate in discovery and court orders compelling discovery, the trial court held, "[P]ursuant to Civ.R. 37, and for good cause shown, it is hereby ordered,

2.

adjudged and decreed that plaintiff, Mirna Funkhouser, shall be and is hereby prohibited from introducing any evidence supporting any of her claims in this matter or any evidence supporting her defenses in this matter." This order remained in effect for the duration of the case.

{¶ 5} On June 18, 2013, the matter was called for trial. At that time, the February 15, 2011 order of the trial court sanctioning appellant due to her failure to abide by orders of the court compelling discovery remained in full effect. As the matter commenced, counsel for appellee objected to counsel for appellant's questioning given the restrictions placed upon appellant by the February 15, 2011 court order. Accordingly, the trial court called a recess. The parties and their respective counsel thereafter entered into discussions in a conference room in an effort to voluntarily resolve the matter.

{¶ 6} The parties and their counsel subsequently went back on the record and proceeded with a final hearing in the matter. The trial court stated, "It's my understanding after discussions with the parties off the record that the parties have in fact reached a resolution as to all [of] the issues as to the divorce; is that correct, counsel?" Counsel for both parties confirmed that a resolution had been reached. The agreement was then read into the record at the June 18, 2013 trial court hearing.

{¶ 7} On September 17, 2013, a consent entry decree of divorce, prepared by counsel for appellee, was filed. It was executed by appellee, counsel for appellee, the trial judge, the magistrate, but not executed by appellant or counsel for appellant. Given the failure of all necessary parties to execute the proposed consent decree, the trial court

3.

subsequently prepared and issued the May 2, 2014 judgment entry decree of divorce from which this appeal is taken.

{¶ 8} With respect to the June 18, 2013 final hearing in this matter, the record reflects that during the course of the hearing, the trial court engaged in a litany of unambiguous questions posed to appellant which clearly established appellant's consent to the voluntary resolution of the divorce.

{¶ 9} For example, the trial court stated to appellant, "Anybody forcing you or coercing you in any way to enter into this agreement?" Appellant replied, "I agree I'm entering the agreement but I'm not happy with it." Accordingly, the trial court further inquired, "Okay, but you are agreeable with it; is that correct?" Appellant affirmatively replied, "Yes." The court continued on to further establish appellant's agreement in the matter through numerous additional questions demonstrating appellant's agreement.

{¶ 10} Notably, the record reflects that when the trial court furnished appellant an opportunity to inquire of the trial court regarding the agreement, appellant declined to do so. On May 2, 2014, the judgment entry decree of divorce was filed by the trial court. This appeal ensued.

{¶ 11} Appellant's first two assignments of error similarly allege that the trial court erred in connection to the judgment entry decree of divorce. We do not concur.

{¶ 12} App.R. 12(A)(2) establishes that this court may disregard an assignment of error presented for review, "[I]f the party raising it fails to identify in the record the error

4.

on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 13} We note that the law and argument portion of appellant's brief on appeal is less than a page in length, is not segmented separately into the separate assignments as required by App.R. 12(A), and contains a series of short conclusory statements.

{¶ 14} We have carefully reviewed and considered the record of evidence in this matter. We find that the record reflects that as a result of discovery abuses appellant was prohibited pursuant to Civ.R. 37 from presenting claims or evidence in support of defenses in this case. It further reflects that at a final hearing conducted on June 18, 2013, the parties voluntarily entered into a divorce agreement which was read into the record. A proposed consent entry decree of divorce was filed on September 17, 2013. Appellant and counsel for appellant did not execute the consent entry. Accordingly, the trial court proceeded in preparing a separate judgment entry decree of divorce. It was filed on May 2, 2014.

{¶ 15} The record also demonstrates that the trial court effectively established that appellant was entering into the underlying agreement voluntarily and verified appellant's agreement and understanding. Lastly, we note that despite appellant's contrary claims, the trial court itself prepared the judgment entry decree of divorce.

{¶ 16} Although the record in this matter reflects that this court could dispose of appellant's first two assignments of error pursuant to App.R. 12(A)(2), we decline to do

so. We have in fact reviewed and considered appellant's first two assignments of error and find them not well-taken.

{¶ 17} In appellant's third assignment of error, it is alleged that the disputed judgment entry decree of divorce is wholly contrary to the underlying oral agreement. Appellant proceeds to enumerate points on which the written entry allegedly diverged from the June 18, 2013 oral agreement. We again note the App.R. 12(A) issue with respect to the third assignment of error.

{¶ 18} Nevertheless, we have thoroughly reviewed the June 18, 2013 transcript of proceedings in which the oral agreement was read into the record and compared it with the corresponding May 2, 2014 written judgment entry decree of divorce.

{¶ 19} While we do not concur with appellant's overall characterization of the consent entry, we do note that the May 2, 2014 judgment entry does diverge from the June 18, 2013 agreement on one particular point necessitating modification of the judgment entry with respect to that point.

{¶ 20} The record reflects that the June 18, 2013 agreement between the parties included a term that, "[A]ny *past* support will be waived." (Emphasis added.) By contrast, the May 2, 2014 written agreement stated and ordered at lines 55-56 that, "*Any and all* child support arrearages are hereby canceled." (Emphasis added.) Appellant argues on appeal, "[T]he delay in filing a final entry for 10 months should not forgive 10 more months of accrued arrearages." We concur.

6.

**{¶ 21}** The oral agreement between the parties was to waive arrearages as of June 18, 2013. Accordingly, we hereby modify lines 55-56 of the May 2, 2014 judgment entry to reflect that, "Any and all child support arrearages as of June 18, 2013 are hereby canceled." This comports with the record's reflection of the actual agreement between the parties. The record does not reflect that the underlying oral agreement intended the arrearage waiver to extend beyond June 18, 2013.

**{¶ 22}** Wherefore, although we find appellant's third assignment of error not well-taken, we do hereby modify lines 55-56 of the judgment to state that, "Any and all child support arrearages as of June 18, 2013 are hereby canceled."

**{¶ 23}** The judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is hereby affirmed and modified. Appellant and appellee are hereby ordered to split equally the costs of this appeal pursuant to App.R. 24.

Judgment affirmed and modified.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Arlene Singer, J.                    _____
                                                  JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.          _____
CONCUR.                                           JUDGE

                                     _____
                                                  JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.